[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 3, 2008
THOMAS K. KAHN
CLERK

No. 07-11872
Non-Argument Calendar

_____

D. C. Docket No. 04-00022-CV-1-MMP-AK

PARRISH A. HARRIS,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
BILL MCCOLLUM,
AKR FLORIDA PAROLE COMMISSION,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 3, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner is a Florida prison inmate. He was convicted on April 13, 1992, on several counts of armed robbery and one count of aggravated assault. Thereafter, he was sentenced to concurrent prison terms of 20 years on the robbery counts and five years on the assault count.

On November 19, 2000, petitioner was given a conditional supervised release from prison pursuant to Florida Statutes § 947.1405. On July 3, 2001, his conditional release officer filed a violation report, alleging that petitioner had violated Condition 7 of his supervised release by being arrested for committing an aggravated battery on a pregnant woman with whom he was living. The State Attorney declined to file an information when the woman requested that the charge be dropped. Nonetheless, the Florida Parole Commission issued a warrant for the revocation of petitioner's release, and, on January 30, 2002, following an evidentiary hearing held on November 9 and 21, 2001, the Commission entered an order revoking petitioner's release.[1]

On January 30, 2003, petitioner challenged the Commission's decision by petitioning the state circuit court for a writ of habeas corpus. The court denied relief, and on March 3, 2003, he petitioned the district court of appeal for certiorari

_____

[1] The order was amended on July 10, 2002.

2

review. The court denied his petition on September 5, 2003.

On January 12, 2004, petitioner, in an effort to have the revocation of his supervised release set aside, petitioned the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. His petition presented fifteen Fourteenth Amendment claims for relief. Among them were claims that the Parole Commission denied petitioner due process (1) when it failed to give him notice of the photos of the victim that would be introduced at the revocation hearing, (2) when it failed to notify him that Officer McFarland would be called as a witness, and (3) when the hearing examiner engaged in ex parte communications with Detective Kelly and Nancy Johansen. The district court, rejecting the recommendation of the magistrate judge to whom the habeas petition had been referred, held that the Due Process Clause did not require the disclosure to petitioner of the evidence to be introduced against him at the release revocation hearing. Therefore, the state court decision upholding the revocation of petitioner's release was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." See 28 U.S.C. § 2254(d)(1). The court therefore denied petitioner's § 2254 petition.

So that he could appeal the district court's decision to this court, petitioner moved the district court to issue a certificate of appealability ("COA"). On June 7,

3

2007, the court entered an order granting petitioner's motion in these words:

> Previously, the Magistrate Judge recommended that a new parole revocation hearing be held on various procedural deficiencies in the parole revocation process. The Court declined to follow the . . . Recommendation, however, finding that the hearing complied with the due process requirements set out in Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). While the Court continues to adhere to that decision . . . , the Court finds that a certificate of appealability . . . should be granted in this case. Accordingly, it is hereby. . .granted.

We are unable to review the district court's decision for two reasons. First, the court, in granting the COA did not articulate precisely the issue we were to review. Second, the court did not address all of the claims asserted in petitioner's habeas petition as required by Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc). Its failure to do so requires that we remand the case so that all of petitioner's claims can be addressed and ruled upon. We therefore vacate the district court's order granting a COA and remand the case with the instruction that the district court address, and rule upon, all of petitioner's claims.

VACATED, and REMANDED, with instruction.

4